# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

PARKER JOHN BUNN
*Plaintiff,*

**-v-**

OKLAHOMA STATE UNIVERSITY; BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES; KEELY E RATCLIFF, NICK HOHEISEL, in his individual capacity; LINDSAY "DOE", Athletic Trainer, in his individual capacity;
*Defendants.*

Case No.______________________________

**COMPLAINT AND JURY DEMAND**

**CIVIL ACTION**

*This action alleges, inter alia, violations of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983, arising from Defendants' creation of a dangerous training environment, deliberate indifference to known safety risks, and concealment of material medical information during Plaintiff's participation in Oklahoma State University's athletics program. This action further alleges violations of Title IX of the Education Amendments of 1972 based on Defendants' deliberate indifference to known risks within an educational program, thereby infringing upon Plaintiff's federally protected rights as a student-athlete.*

Plaintiff PARKER JOHN BUNN, by and through his attorneys, LLG National Law Group, and by way of Complaint, brings this action for damages and other equitable relief against Defendants OKLAHOMA STATE UNIVERSITY; BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES; KEELY E. RATCLIFF, PA; DEFENDANT HOHEISEL, in his individual capacity; and LINDSAY "DOE", in his individual capacity, alleging as follows:

## INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, seeking redress for the dangerous training conditions, deliberate indifference, and concealment of material medical information inflicted upon Plaintiff while he was a student-athlete at Oklahoma State University. Plaintiff also brings supplemental state-law claims arising from Defendants' breach of contractual obligations, breach of the implied covenant of good faith and fair dealing, and individual-capacity misconduct by OSU staff and personnel.

2. On September 27, 2024, during a supervised team workout, Plaintiff expressed concern that a particular lift "didn't feel right." Teammates verbally pressured Plaintiff to continue, stating "don't be a pussy," despite his hesitation and visible discomfort. During the lift itself, a teammate placed his hands on Plaintiff and physically pushed him into continuing the movement. Despite the presence of OSU athletic staff, no intervention occurred. Plaintiff immediately suffered acute low-back pain, later confirmed on imaging. Over the following weeks, Defendants provided contradictory medical interpretations of lumbar spine imaging, failed to disclose material findings, and permitted Plaintiff to continue athletic participation without adequate protection or accurate information.

3. Defendants, acting under color of state law and in positions of authority within OSU's athletics and sports medicine programs, created and perpetuated a dangerous environment, failed to intervene in known risks, and concealed critical medical information. Their actions and omissions deprived Plaintiff of constitutionally protected rights, exposed him to foreseeable harm, and fostered a hostile and coercive athletic environment in violation of federal law.

4. This action seeks to hold Defendants accountable for their deliberate indifference, violation of clearly established federal rights, and failure to provide a safe and nondiscriminatory athletic environment, and to obtain damages and equitable relief for the harms Plaintiff sustained

as a result of Defendants' conduct.

## JURISDICTION AND VENUE

5. This is a civil action for damages and equitable relief brought pursuant to 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, to redress violations of rights secured by the Fourteenth Amendment to the United States Constitution. At all relevant times, Defendants acted under color of state law and in violation of Plaintiff's clearly established federal rights.

6. This Court has original subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, as the action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343, as this action seeks to redress the deprivation of civil rights under color of state law.

7. This Court also has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as Plaintiff is a resident of the State of Utah, Defendants are residents of the State of Oklahoma, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related to the federal claims that they form part of the same case or controversy and arise out of a common nucleus of operative fact.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as, upon information and belief, all Defendants reside in this district and the events giving rise to Plaintiff's claims occurred within the Western District of Oklahoma.

## PARTIES

10. At all times relevant hereto, Plaintiff PARKER JOHN BUNN is, upon information and belief, an adult resident citizen of the State of Utah, with a residential address believed to be 4988 S. 1410 E., Ogden, Utah 84403.

11. At all times relevant hereto, Defendant OKLAHOMA STATE UNIVERSITY ("OSU") is a public university and state entity organized under the laws of the State of Oklahoma, with a principal address for service of process believed to be Oklahoma State University, Office of Legal Counsel, 107 Whitehurst, Stillwater, Oklahoma 74078.

12. At all times relevant hereto, Defendant BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES is a governing body established under Oklahoma law, responsible for oversight of Oklahoma State University, and may be served at Oklahoma A&M Board of Regents, 900 N. Portland Avenue, Oklahoma City, Oklahoma 73107.

13. At all times relevant hereto, Defendant KEELY E. RATCLIFF, PA, is, upon information and belief, an adult resident citizen of the State of Oklahoma and a sports-medicine provider employed by Oklahoma State University. She may be served at her place of employment, OSU Medicine – Sports Medicine and Athletic Training, 600 N. Pearl Street, Suite 200, Tulsa, Oklahoma 74103, or at such other address as may be determined through discovery. Said Defendant is sued in her individual capacity.

14. At all times relevant hereto, Defendant NICK HOHEISEL, Head Strength Coach for Oklahoma State University's golf program, is, upon information and belief, an adult resident citizen of the State of Oklahoma, with an employment address for service of process believed to be Oklahoma State University Athletics, Sherman Smith Training Center, 720 W. Hall of Fame Avenue, Stillwater, Oklahoma 74075. Said Defendant is sued in his individual capacity.

15. At all times relevant hereto, Defendant LINDSAY "DOE", whose last name is currently unknown, was an Athletic Trainer assigned to Oklahoma State University's golf program, is, upon information and belief, an adult resident citizen of the State of Oklahoma, with an employment address for service of process believed to be Oklahoma State University Athletics,

Sherman Smith Training Center, 720 W. Hall of Fame Avenue, Stillwater, Oklahoma 74075. Said Defendant is sued in his individual capacity.

16. The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave from the court to amend this complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

## FACTUAL BACKGROUND

17. Plaintiff Parker John Bunn is a Division I golf player who enrolled at Oklahoma State University ("OSU") and participated in OSU's golf program during the 2024–2025 academic year. As a student-athlete, Plaintiff relied on OSU's coaching staff, athletic trainers, and sports-medicine personnel for supervision, safety, and accurate medical information.

18. On September 27, 2024, during a supervised team workout inside OSU's athletic facilities, Plaintiff expressed concern that a particular lift "didn't feel right." A teammate coerced Plaintiff to continue the lift, stating "don't be a pussy," despite Plaintiff's hesitation and visible discomfort. OSU athletic staff were present but failed to intervene or halt the unsafe conduct.

19. Immediately upon performing the coerced lift, Plaintiff experienced acute pain in his lower back. He reported the injury to OSU athletic personnel and was directed to OSU's sports-medicine providers for evaluation.

20. Head Strength Coach Nick Hoheisel observed Plaintiff's discomfort and instructed him to "push through the pain," reinforcing the pressure to continue despite visible signs of injury.

21. Later that same day, OSU medical staff obtained an X-ray of Plaintiff's lumbar spine. The radiology report, signed by Nicholas A. Strle, D.O., documented no acute fracture but did identify lumbar spine abnormalities. OSU personnel did not disclose these findings to Plaintiff

or his family.

22. On September 30, 2024, OSU ordered an MRI of Plaintiff's lumbar spine. The MRI report, signed by Dustin W. Cheney, D.O., contained findings that differed from the earlier X-ray, including multilevel facet arthropathy. OSU personnel did not reconcile the differing interpretations or provide Plaintiff with a clear explanation of his injury.

23. On October 2, 2024, OSU team physician Jason R. Moore, D.O., reviewed Plaintiff's lumbar spine imaging and documented additional findings. Despite Plaintiff's ongoing back pain, OSU permitted him to continue participating in team activities without adequate restrictions or disclosure of the true nature of his injury.

24. On October 25, 2024, Plaintiff again presented to OSU sports-medicine personnel with persistent back pain. Dr. Moore electronically signed the encounter and continued to provide care without acknowledging or addressing the earlier lumbar spine findings.

25. Throughout the fall of 2024, OSU athletic staff failed to file an incident report, failed to document the coercive circumstances of the injury, and failed to notify Plaintiff's family of the lumbar spine abnormalities identified on September 27, 2024. Plaintiff was never informed of the nature or significance of his lumbar spine injury.

26. On March 6, 2025, Plaintiff was evaluated by Keely E. Ratcliff, PA, an OSU sports-medicine provider. Ratcliff documented ongoing back pain and prescribed supplements but did not disclose the prior lumbar spine findings or address the differing imaging interpretations. Ratcliff electronically signed the encounter within OSU's medical system.

27. OSU athletic staff, including the Head Strength Coach (Defendant Hoheisel) and Athletic Trainer (Lindsay Doe), continued to require Plaintiff's participation in team activities despite his documented injury, ongoing pain, and lack of clear medical guidance. Their actions and omissions created a dangerous environment and exposed Plaintiff to further harm.

28. OSU personnel failed to provide Plaintiff with accurate medical information, failed to disclose material findings, and failed to implement appropriate safety measures. These failures deprived Plaintiff of the ability to make informed decisions about his health, athletic participation, and educational opportunities.

29. As a result of Defendants' conduct, Plaintiff suffered physical injury, pain, loss of athletic opportunity, emotional distress, and disruption of his collegiate career. Plaintiff ultimately transferred from OSU to continue his education and athletic participation elsewhere.

30. The actions and omissions of OSU personnel, including the concealment of medical findings, failure to intervene in unsafe training conditions, and deliberate indifference to Plaintiff's safety, form the basis of Plaintiff's federal claims under 42 U.S.C. § 1983 and Title IX, as well as his supplemental state-law claims.

**COUNT I**
**STATE-CREATED DANGER (FOURTEENTH AMENDMENT) - 42 U.S.C. § 1983**
***(Against Individual Defendants Keely E. Ratcliff; Nick Hoheisel; and Lindsay Doe)***

31. At all times relevant hereto, Defendants Keely E. Ratcliff, PA; Defendant Hoheisel, Head Strength Coach; and Lindsay Doe, Athletic Trainer, were employees, agents, or representatives of Oklahoma State University acting under color of state law.

32. Under the Fourteenth Amendment, state actors may not affirmatively create or increase the danger of harm to an individual through deliberate indifference to known or obvious risks.

33. On September 27, 2024, during a supervised team workout, Plaintiff expressed concern that a particular lift "didn't feel right." A teammate verbally pressured Plaintiff to continue, stating "don't be a pussy," despite Plaintiff's hesitation and visible discomfort. During the lift itself, the teammate placed his hands on Plaintiff and physically pushed him into continuing the movement. OSU athletic staff, including Defendant Hoheisel and Lindsay Doe, were present

and observed both the verbal coercion and the physical push but failed to intervene, supervise, or halt the unsafe conduct.

34. Head Strength Coach Nick Hoheisel observed Plaintiff's discomfort and instructed him to "push through the pain," reinforcing the pressure to continue despite visible signs of injury.

35. As a direct result, Plaintiff suffered an acute low-back injury. OSU medical personnel later documented lumbar spine abnormalities on imaging performed that same day, yet OSU personnel failed to disclose these material findings to Plaintiff or his family.

36. OSU personnel, including Defendant Ratcliff, subsequently provided contradictory lumbar spine imaging interpretations, failed to reconcile differing findings, and continued to permit Plaintiff's participation in athletic activities despite documented injury and ongoing pain. Ratcliff electronically signed the March 6, 2025, encounter noting ongoing symptoms but did not disclose the prior lumbar spine findings or address the differing interpretations.

37. Defendants' actions and omissions, including failure to intervene in an unsafe training environment, failure to disclose material medical findings, failure to provide accurate medical information, and failure to restrict Plaintiff's participation, constitute affirmative acts that created or increased the danger to Plaintiff.

38. Defendants knew or should have known that their conduct exposed Plaintiff to a foreseeable and significant risk of harm, yet acted with deliberate indifference to Plaintiff's safety and well-being.

39. Defendants' conduct shocks the conscience and deprived Plaintiff of his substantive due-process rights under the Fourteenth Amendment.

40. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff suffered physical injury, pain, emotional distress, loss of athletic opportunity, and disruption of his

collegiate career.

41. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and all other relief available under 42 U.S.C. § 1983.

**COUNT II**
**TITLE IX – DELIBERATE INDIFFERENCE**
***(Against Defendants Oklahoma State University and the Board of Regents)***

42. Defendants Oklahoma State University ("OSU") and the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges are recipients of federal financial assistance and are subject to the requirements of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.

43. Title IX prohibits educational institutions receiving federal funds from subjecting students to discrimination or denying them access to educational opportunities through deliberate indifference to known risks within educational programs and activities, including athletics.

44. Plaintiff was a student-athlete participating in OSU's golf program, an educational activity covered by Title IX.

45. On September 27, 2024, during a supervised team workout, Plaintiff expressed concern that a particular lift "didn't feel right." A teammate verbally pressured Plaintiff to continue, stating "don't be a pussy," despite Plaintiff's hesitation and visible discomfort. During the lift itself, the teammate placed his hands on Plaintiff and physically pushed him into continuing the movement. OSU athletic staff were present and observed both the verbal coercion and the physical push but failed to intervene or halt the unsafe conduct.

46. OSU personnel were aware that Plaintiff had suffered an acute low-back injury during the workout. OSU medical staff obtained lumbar spine imaging that same day, and the radiology report documented lumbar spine abnormalities. The medical file shows: "Reviewed with athlete and family." (Jason R. Moore, D.O., 10/2/2024) and "Electronically signed by Keely E

Ratcliff, PA at 3/6/2025 2:35 PM."

47. Despite documented lumbar spine findings, OSU personnel failed to disclose material medical information to Plaintiff or his family, failed to reconcile differing imaging interpretations, and permitted Plaintiff to continue participating in athletic activities without adequate restrictions or accurate information.

48. OSU personnel, including coaching staff, athletic trainers, and sports-medicine providers, failed to take reasonable steps to protect Plaintiff from further harm, failed to document the incident, and failed to implement any remedial measures to ensure Plaintiff's safety within the athletic program.

49. OSU had actual knowledge of the unsafe training conditions and Plaintiff's injury but responded with deliberate indifference. OSU's response was clearly unreasonable in light of known circumstances, including the documented lumbar spine abnormalities and Plaintiff's ongoing symptoms.

50. OSU's deliberate indifference denied Plaintiff equal access to educational and athletic opportunities by exposing him to foreseeable harm, preventing him from safely participating in the golf program, and undermining his ability to continue his collegiate athletic career.

51. As a direct and proximate result of Defendants' Title IX violations, Plaintiff suffered physical injury, emotional distress, loss of athletic opportunity, and disruption of his collegiate career.

52. Plaintiff seeks compensatory damages, equitable relief, attorneys' fees, and all other relief available under Title IX.

**COUNT III**
**BREACH OF CONTRACT**
***(Against Defendants Oklahoma State University and the Board of Regents)***

53. Plaintiff entered into a contractual relationship with Oklahoma State University ("OSU") through his acceptance of an athletic scholarship, participation in OSU's golf program, and compliance with OSU's student-athlete requirements. The scholarship agreement, team participation agreements, OSU policies, and OSU's representations to Plaintiff collectively formed a binding contract.

54. As part of this contractual relationship, OSU expressly and impliedly promised to provide Plaintiff with:

a. a safe and supervised training environment;

b. competent athletic training and medical care;

c. accurate disclosure of material medical information;

d. timely communication with Plaintiff and his family regarding injuries; and

e. educational and athletic opportunities free from unreasonable risk of harm.

55. OSU further represented that its athletic staff, trainers, and sports-medicine personnel would act in accordance with established standards of care, NCAA requirements, and OSU policies governing athlete safety and medical management.

56. Plaintiff relied upon these contractual promises and representations when enrolling at OSU, participating in the golf program, and entrusting OSU personnel with his health and safety.

57. OSU breached its contractual obligations by failing to provide a safe training environment on September 27, 2024, when Plaintiff expressed concern that a lift "didn't feel right," and a teammate verbally pressured him to continue, stating "don't be a pussy," despite his hesitation and visible discomfort. During the lift itself, the teammate placed his hands on Plaintiff

and physically pushed him into continuing the movement. OSU staff present observed both the verbal coercion and the physical push but failed to intervene or supervise the workout.

58. OSU further breached the contract by failing to disclose material medical findings. The medical file shows OSU personnel obtained lumbar spine imaging and documented abnormalities, yet failed to inform Plaintiff or his family.

59. The record states: "Reviewed with athlete and family." (Jason R. Moore, D.O., 10/2/2024) and "Electronically signed by Keely E Ratcliff, PA at 3/6/2025 2:35 PM." These entries demonstrate OSU's control over Plaintiff's medical care and its failure to disclose the earlier lumbar spine findings.

60. OSU breached its contractual obligations by permitting Plaintiff to continue participating in athletic activities despite documented injury, contradictory imaging, and ongoing symptoms, without providing accurate medical information or appropriate restrictions.

61. OSU breached its contractual obligations by failing to implement any remedial measures, failing to document the incident, failing to notify Plaintiff's family of the injury, and failing to ensure Plaintiff's safety within the athletic program.

62. OSU's breaches deprived Plaintiff of the benefit of his bargain, including safe participation in athletics, access to accurate medical information, and the ability to make informed decisions about his health and collegiate career.

63. As a direct and proximate result of OSU's breach of contract, Plaintiff suffered physical injury, pain, emotional distress, loss of athletic opportunity, and disruption of his educational trajectory.

64. Plaintiff seeks compensatory damages, equitable relief, attorneys' fees where permitted, and all other relief available under Oklahoma contract law.

## COUNT IV
## FRAUDULENT CONCEALMENT
***(Against Defendants Oklahoma State University; Keely E. Ratcliff, PA; Nick Hoheisel; and Lindsay Doe)***

65. Under Oklahoma law, fraudulent concealment occurs when a party with a duty to disclose material facts intentionally withholds such facts, thereby preventing another from discovering the truth and causing injury.

66. Defendants Oklahoma State University ("OSU"), Keely E. Ratcliff, PA, Defendant Hoheisel, and Lindsay Doe owed Plaintiff a duty to disclose accurate and complete medical information, including the nature and extent of injuries sustained during OSU-supervised athletic activities.

67. On September 27, 2024, Plaintiff suffered an acute low-back injury during a supervised team workout. OSU medical personnel obtained lumbar spine imaging that same day, and the radiology report documented lumbar spine abnormalities.

68. The medical file shows: "Reviewed with athlete and family." (Jason R. Moore, DO, 10/2/2024) This entry indicates OSU's control over Plaintiff's medical information and its responsibility to disclose material findings.

69. Despite the documented lumbar spine findings, OSU personnel failed to inform Plaintiff or his family of the injury. OSU did not disclose the imaging results, did not provide a copy of the radiology report, and did not advise Plaintiff of the significance of the findings.

70. OSU personnel subsequently ordered additional lumbar spine imaging, including a September 30, 2024, MRI, which contained findings that differed from the earlier X-ray. OSU failed to reconcile these differing interpretations and failed to disclose the inconsistency to Plaintiff or his family.

71. On October 2, 2024, OSU team physician Jason R. Moore, DO documented that he "Reviewed with athlete and family," yet OSU continued to conceal the lumbar spine findings and

did not provide Plaintiff with accurate information regarding his injury.

72. On March 6, 2025, Defendant Keely E. Ratcliff, PA evaluated Plaintiff and electronically signed the encounter, noting ongoing symptoms. The record states: "Electronically signed by Keely E Ratcliff, PA at 3/6/2025 2:35 PM." Ratcliff did not disclose the prior lumbar spine findings or address the differing imaging interpretations, despite having access to Plaintiff's medical history.

73. Defendants Nick Hoheisel and Lindsay Doe, who were present during the injury and responsible for supervising the workout, failed to document the incident, failed to report the circumstances of the unsafe lift, including the verbal pressure placed on Plaintiff to continue the lift despite his hesitation and the subsequent physical push by a teammate during the lift, and failed to disclose these circumstances to medical personnel or Plaintiff's family.

74. Defendants intentionally concealed material facts regarding Plaintiff's injury, including the lumbar spine findings, the differing imaging interpretations, the circumstances of the injury, and the risks associated with continued athletic participation.

75. Defendants knew that Plaintiff relied on OSU personnel for accurate medical information and guidance, and knew that concealment of material facts would cause Plaintiff to continue participating in athletic activities without understanding the nature or severity of his injury.

76. Defendants' concealment prevented Plaintiff from discovering the true nature of his injury, deprived him of the ability to make informed decisions about his health and athletic participation, and exposed him to further harm.

77. Defendants' conduct constitutes fraudulent concealment under Oklahoma law.

78. As a direct and proximate result of Defendants' fraudulent concealment, Plaintiff suffered physical injury, pain, emotional distress, loss of athletic opportunity, and disruption of his

collegiate career.

79. Plaintiff seeks compensatory damages, punitive damages, equitable relief, attorneys' fees where permitted, and all other relief available under Oklahoma law.

**COUNT V**
**NEGLIGENCE**
***(Against Defendants Keely E. Ratcliff, PA; Nick Hoheisel; and Lindsay Doe)***

80. At all times relevant hereto, Defendants Keely E. Ratcliff, PA; Defendant Hoheisel, Head Strength Coach; and Lindsay Doe, Athletic Trainer owed Plaintiff a duty to exercise reasonable care in supervising athletic activities, responding to known safety risks, and providing accurate medical information and guidance.

81. Defendant Nick Hoheisel, as OSU's Head Strength Coach, owed Plaintiff a duty to supervise weight-room activities, intervene in unsafe conduct, and ensure that student-athletes were not coerced into performing lifts that posed an unreasonable risk of harm.

82. Defendant Lindsay Doe, as an Athletic Trainer assigned to OSU's golf program, owed Plaintiff a duty to monitor athlete safety, respond to reported pain or injury, and accurately communicate injury information to medical providers and Plaintiff's family.

83. Defendant Keely E. Ratcliff, PA, as an OSU sports-medicine provider, owed Plaintiff a duty to accurately review, interpret, and disclose material medical findings, including prior imaging results, and to provide appropriate medical guidance based on Plaintiff's documented injury history.

84. On September 27, 2024, Plaintiff expressed concern that a particular lift "didn't feel right." A teammate verbally pressured Plaintiff to continue, stating "don't be a pussy," despite Plaintiff's hesitation and visible discomfort. During the lift itself, the teammate placed his hands on Plaintiff and physically pushed him into continuing the movement. Defendants Hoheisel and Lindsay Doe were present, observed both the verbal coercion and the physical push, and failed to

intervene or halt the unsafe conduct.

85. As a direct result of the coerced lift, Plaintiff suffered an acute low-back injury. OSU medical personnel obtained lumbar spine imaging that same day, and the radiology report documented lumbar spine abnormalities. The medical file shows: "Reviewed with athlete and family." (Jason R. Moore, D.O., 10/2/2024).

86. Defendants Nick Hoheisel and Lindsay Doe breached their duties by failing to document the incident, failing to report the circumstances of the injury, and failing to ensure Plaintiff received appropriate medical evaluation and disclosure of the lumbar spine findings.

87. Defendant Ratcliff breached her duty by failing to disclose the prior lumbar spine findings, failing to reconcile differing imaging interpretations, and failing to provide accurate medical information during the March 6, 2025 encounter. The record states: "Electronically signed by Keely E Ratcliff, PA at 3/6/2025 2:35 PM."

88. Defendants' failures caused Plaintiff to continue participating in athletic activities without understanding the nature or severity of his injury, exposing him to further harm and preventing him from making informed decisions about his health and athletic participation.

89. Defendants' conduct fell below the standard of care expected of athletic staff and medical personnel responsible for the safety of student-athletes.

90. Defendants' negligence directly and proximately caused Plaintiff physical injury, pain, emotional distress, loss of athletic opportunity, and disruption of his collegiate career.

91. Plaintiff seeks compensatory damages, punitive damages where permitted, equitable relief, and all other relief available under Oklahoma law.

## COUNT VI
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
***(Against Defendants Oklahoma State University and the Board of Regents)***

92. Under Oklahoma law, every contract contains an implied covenant of good faith

and fair dealing, requiring each party to act honestly, fairly, and in good faith so as not to deprive the other party of the benefits of the agreement.

93. Plaintiff entered into a contractual relationship with Oklahoma State University ("OSU") through his acceptance of an athletic scholarship, participation in OSU's golf program, and compliance with OSU's student-athlete requirements. OSU's policies, representations, and obligations to provide safe training conditions and competent medical care formed part of this contractual relationship.

94. OSU owed Plaintiff a duty to act in good faith in administering its athletic program, supervising training activities, providing medical care, and communicating material information necessary for Plaintiff to make informed decisions about his health and athletic participation.

95. OSU breached the implied covenant of good faith and fair dealing by failing to intervene in an unsafe training environment on September 27, 2024, when Plaintiff expressed concern that a lift "didn't feel right," and a teammate verbally pressured him to continue, stating "don't be a pussy," despite his hesitation and visible discomfort. During the lift itself, the teammate placed his hands on Plaintiff and physically pushed him into continuing the movement. OSU staff present observed both the verbal coercion and the physical push but failed to act.

96. OSU further breached the covenant by failing to disclose material medical findings. The medical file shows OSU personnel obtained lumbar spine imaging and documented abnormalities, yet failed to inform Plaintiff or his family. The record states: "Reviewed with athlete and family." (Jason R. Moore, DO, 10/2/2024) Despite this notation, OSU did not disclose the lumbar spine findings.

97. OSU acted in bad faith by permitting Plaintiff to continue participating in athletic activities despite documented injury, contradictory imaging, and ongoing symptoms, without providing accurate medical information or appropriate restrictions.

98. OSU acted in bad faith by permitting Plaintiff to continue participating in athletic activities despite documented lumbar spine findings, differing imaging interpretations, and ongoing symptoms, without providing accurate medical information or appropriate restrictions.

99. OSU's conduct deprived Plaintiff of the benefit of his bargain, including safe participation in athletics, access to accurate medical information, and the ability to make informed decisions about his health and collegiate career.

100. OSU's actions were arbitrary, unreasonable, and inconsistent with the justified expectations created by the contractual relationship between Plaintiff and OSU.

101. As a direct and proximate result of OSU's breach of the implied covenant of good faith and fair dealing, Plaintiff suffered physical injury, pain, emotional distress, loss of athletic opportunity, and disruption of his educational trajectory.

102. Plaintiff seeks compensatory damages, equitable relief, attorneys' fees where permitted, and all other relief available under Oklahoma law.

## PRAYER FOR RELIEF

103. **WHEREFORE,** for the foregoing reasons and pursuant to the Counts above, Plaintiff PARKER JOHN BUNN demands judgment against Defendants OKLAHOMA STATE UNIVERSITY; BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES; KEELY E. RATCLIFF, PA; NICK HOHEISEL; and LINDSAY DOE , in their respective official and individual capacities where applicable, alleging as follows, and in the alternative, for general, compensatory, and punitive damages; reasonable attorneys' fees and costs of suit with interest pursuant to 42 U.S.C. § 1988; and any further relief which the Court may deem equitable and just.

## JURY DEMAND

104. Plaintiff demands a trial by jury on all issues so triable, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

**NEWARK LAW OFFICES**

Dated: September 25, 2026

*/s/Robert C. Newark, III*
Robert C. Newark, III
Oklahoma Bar No. 21992
1019 Waterwood Pkwy, Ste C
Edmond, OK 73034
Phone: 405-727-0269
robert@newarkfirm.com
*Co-Counsel for Plaintiff*

**LLG NATIONAL LAW GROUP**



Robert S. Mactavish
Florida Bar Number 0596388
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012
P: 575-517-6542
robert.mactavish@llgnational.com
*(Pro Hac Vice to be applied for)*
*Co-Counsel for Plaintiff*